Matter of La.M.

2026 NY Slip Op 02878

May 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of La.M. and Another., Children under the Age of Eighteen Years, etc. peter l., Petitioner-Appellant, Darien M., Deceased, Administration for Children's Services, Respondent-Respondent.

Decided and Entered: May 07, 2026

|Docket No. V-00620/23 V-00621/23|Appeal No. 6550|Case No. 2024-02546|

Before: Moulton, J.P., Gesmer, Higgitt, Michael, Chan, JJ.

Bruce A. Young, New York, for appellant.

Muriel Goode-Trufant, Corporation Counsel, New York (Karin Wolfe of counsel), for respondent.

Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the children.

[*1]

Appeal from order, Family Court, New York County (Stephanie Schwartz, J.), entered on or about March 8, 2024, which dismissed the petitions of the subject children's maternal uncle for custody of the children, unanimously dismissed, without costs, as moot.

The petitions for custody of the children were rendered moot by the children's adoption by their long-term foster parent in 2024 (see Matter of Sandra M. v Che M., 204 AD3d 491, 491 [1st Dept 2022]; Matter of Carmen P. v Administration for Children's Servs., 149 AD3d 577, 577 [1st Dept 2017]). In any event, after the children were freed for adoption in October 2023, adoption became the exclusive means to gain custody, and the courts were therefore without authority to entertain custody proceedings commenced by a member of the children's extended family after that date (see Matter of Sandra M., 204 AD3d at 491; Matter of Mirely M. v Wilbert L., 221 AD3d 1227, 1228-1229 [3d Dept 2023]). We reject petitioner's assertion that as the children's maternal uncle, he was entitled to greater rights than a nonkinship foster parent. On the contrary, under the Family Court Act, a nonparent relative, such as a maternal uncle, "takes no precedence over the proposed adoptive parent selected by an authorized agency" (Matter of Jennifer A., 225 AD2d 204, 206 [1st Dept 1996], lv denied 91 NY2d 809 [1998]; see also Matter of Roxanne R. v Luis A.F., 88 AD3d 586 [1st Dept 2011] [the standard for custody as between nonparents does not afford a nonparent relative any preference]).

We have considered petitioner's remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 7, 2026